**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MIMZI, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FOURSQUARE LABS, INC.,<br><br>Defendant. | C.A. No. 18-01767-LPS<br><br>DEMAND FOR JURY TRIAL |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant Foursquare Labs, Inc. ("Foursquare") for its answer, affirmative defenses and counterclaim to Plaintiff, Mimzi, LLC's ("Mimzi") Complaint, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

**ANSWER:** Foursquare admits that Mimzi has alleged patent infringement, but denies that it has infringed any valid claim of the '981 Patent.

## THE PARTIES

2. Plaintiff Mimzi, LLC is a limited liability company formed under the laws of the State of Alabama with a place of business at 1592 South Point Drive, Hoover, Alabama 35244.

**ANSWER:** Foursquare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Mimzi's Complaint, and therefore denies the same.

3. Upon information and belief, Defendant Foursquare Labs, Inc. ("Foursquare") is a Corporation organized and existing under the laws of Delaware, with a place of business at 50

West 23rd Street, 8th Floor, New York, New York, 10010. Foursquare can be served in Delaware at its registered agent, Business Filings Inc., 108 West 13th Street, Wilmington Delaware 19801.

**ANSWER:** Foursquare admits the allegations contained in Paragraph 3 of Mimzi's Complaint.

## JURISDICTION

4. This Court has subject matter jurisdiction for patent infringement actions under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Foursquare admits that this Court has subject matter jurisdiction for patent infringement actions, but denies that it has infringed any valid claim of the '981 Patent.

5. This Court has personal jurisdiction over Foursquare at least under 28 U.S.C. § 1400(a) and (b). Upon information and belief, Foursquare is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of this State. Foursquare has infringed Plaintiffs patent in Delaware by, among other things, engaging in infringing conduct within and directed at and/or from Delaware. Foursquare has purposefully placed one or more of the accused infringing products into the stream of commerce with the expectation they will be used in Delaware. These infringing products have been and continue to be used in Delaware.

**ANSWER:** Foursquare admits that this Court has personal jurisdiction over Foursquare, and further admits that Foursquare is incorporated in Delaware. Foursquare denies the remaining allegations of Paragraph 5 of Mimzi's Complaint.

## VENUE

6. Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c), and because, upon information and belief, Foursquare is incorporated in Delaware and therefore resides in this district.

**ANSWER:** Foursquare admits that venue is proper in this District, and that it is incorporated in Delaware, but further states that venue would be more convenient in the Southern District of New York. Foursquare denies that it has infringed any valid claim of the '981 Patent, and further denies that it has committed any acts or omissions for which it is liable. Foursquare denies the remaining allegations in Paragraph 6 of Mimzi's Complaint.

7. Upon information and belief, venue in this district is proper because substantial acts and events giving rise to Plaintiffs claims occurred in this judicial district.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 7 of Mimzi's Complaint.

8. Further, upon information and belief, venue in this district is proper because Foursquare does business in Delaware, including the commission in Delaware of one or more of the infringing acts of offering for sale, selling, using infringing products, or providing infringing services and support to Foursquare's customers in Delaware.

**ANSWER:** Foursquare admits that venue is proper in this District, and that it does business in Delaware but states that venue would be more convenient in the Southern District of New York. Foursquare denies the remaining allegations of Paragraph 8 of Mimzi's Complaint.

**U.S. PATENT NO. 9,128,981**

9. On September 8, 2015, U.S. Patent No. 9,128,981 ("the '981 patent") was issued by the United States Patent and Trademark Office entitled "Phone Assisted 'Photographic Memory'". A true and correct copy of the '981 patent is attached as Exhibit A.

**ANSWER:** Foursquare admits that what purports to be a copy of the '981 Patent was attached to Mimzi's Complaint as Exhibit A. Foursquare is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 9 of Mimzi's Complaint, and therefore denies the same.

10. The sole inventor of the '981 patent is Mr. James Geer.

**ANSWER:** Foursquare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Mimzi's Complaint, and therefore denies the same.

11. Jim Geer is the consummate forward-thinker and innovator, the patent in-suit being just one example. During the Gulf War, Mr. Geer developed a way to detect and track enemy stealth aircraft and submitted a patent application for his invention. The U.S. Air Force declared his invention a national secret and the U.S. Government issued an Order barring Mr. Geer from even talking about his invention. The secrecy order was lifted a decade later, and he received several U.S. patents. A further example of Mr. Geer's forward-thinking is in his several U.S. patents, originally filed in the 1990s, that are directed to the DVRs that are used today for recording multiple television shows.

**ANSWER:** Foursquare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Mimzi's Complaint, and therefore denies the same.

12. As an independent businessman, in 1984 Jim Geer founded Executive Technologies, Inc. to develop a document search engine. Through his company, Mr. Geer offers a product called SearchExpress which includes document management, searching and scanning solutions for businesses.

**ANSWER:** Foursquare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Mimzi's Complaint, and therefore denies the same.

13. Plaintiff, Mimzi LLC, of which Mr. Geer is the President, is the sole owner of the '981 patent and has all rights of past and future recoveries thereunder.

**ANSWER:** Foursquare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Mimzi's Complaint, and therefore denies the same.

14. The '981 patent has not expired and is in full force and effect.

**ANSWER:** Foursquare admits that based on the information on the face of the '981 Patent, it has not expired. Foursquare denies the remainder of the allegations in Paragraph 14 of Mimzi's Complaint, and further denies that the '981 Patent is valid and enforceable.

15. The marking requirements of 35 U.S.C. § 287 do not limit damages available to Plaintiff for infringement of the '981 patent.

**ANSWER:** Paragraph 15 of Mimzi's Complaint calls for a legal conclusion, to which no answer is required. To the extent an answer is required, Foursquare denies Paragraph 15 of Mimzi's Complaint.

16. Claims 1 through 9 of the ‘981 patent are directed to systems for presenting location-dependent information from social network databases to mobile electronic device users in response to the users’ spoken requests.

**ANSWER:** Foursquare admits the allegations of Paragraph 16 of Mimzi’s Complaint to the extent the allegations accurately set forth the language of the ‘981 Patent. Foursquare denies the remaining allegations of Paragraph 16 of Mimzi’s Complaint.

17. Claims 10 through 15 of the ‘981 patent are directed to computer-implemented methods for presenting location-dependent information from social network databases to mobile electronic device users in response to the users’ spoken requests.

**ANSWER:** Foursquare admits the allegations of Paragraph 17 of Mimzi’s Complaint to the extent the allegations accurately set forth the language of the ‘981 Patent. Foursquare denies the remaining allegations of Paragraph 17 of Mimzi’s Complaint.

18. Claims 16 through 19 of the ‘981 patent are directed to computer-implemented methods of mining information from a social network database in response to users’ spoken requests.

**ANSWER:** Foursquare admits the allegations of Paragraph 18 of Mimzi’s Complaint to the extent the allegations accurately set forth the language of the ‘981 Patent. Foursquare denies the remaining allegations of Paragraph 18 of Mimzi’s Complaint.

19. Accordingly, and merely by way of illustration, inventions claimed in the ‘981 patent are directed to systems and to computer-implemented methods that are configured and operate to provide information to a mobile device user in response to a spoken question, such as “*Where is the nearest (best, most popular) Chinese restaurant*?”

**ANSWER:** Foursquare admits the allegations of Paragraph 19 of Mimzi's Complaint to the extent the allegations accurately set forth the language of the '981 Patent. Foursquare denies the remaining allegations of Paragraph 19 of Mimzi's Complaint. Foursquare further denies that the '981 Patent is valid and enforceable.

20. Inventions claimed in the '981 patent are not directed to an abstract idea of merely searching for information on the Internet. Rather, the claims are directed to a new and useful configuration of components and describe an improvement in computer capabilities by specifying a complex series of steps performed by or through a mobile device to provide a desired result. These steps include: intaking a user's spoken request; accessing speech recognition software; converting the spoken request into a database query; determining the user's physical location and associating that location with the query; searching at least one social network database using the query and the user's physical location; ranking the information obtained and then providing the answer to the user.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 20 of Mimzi's Complaint.

21. These steps, either alone or in combination, were not well understood, routine or conventional to one of ordinary skill in the art at the time the inventions were made. Thus, they represent improvements in the capabilities of mobile devices to provide timely and useful information to users.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 21 of Mimzi's Complaint.

22. For example, speech recognition through mobile devices was neither routine nor conventional until after the application that led to the ‘981 patent was filed in July 2008.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 22 of Mimzi’s Complaint.

23. The unconventional nature of these steps, alone or in combination, was confirmed in September 2008 by Google’s then-Vice President of Search Products, Ms. Marissa Mayer, two months after the original application that led to the ‘981 patent was filed.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 23 of Mimzi’s Complaint.

24. In a comment posted on Google’s Official Blog, dated September 10, 2008, entitled “The future of search” (emphasis supplied) Ms. Mayer stated that “*Search needs to be more mobile - it should be available and easy to use in cell phones and in cars and on handheld . . . You should be able to talk to a search engine in your voice. You should also be able to ask questions verbally or by typing them in as natural language expressions. . . . Maybe the search engines of the future will know where you are located. . . .*” (Exhibit B).

**ANSWER:** Foursquare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of Mimzi’s Complaint, and therefore denies the same.

25. The ‘981 patent’s prosecution history further confirms the patentability of the claimed inventions. The continuation application that led to issuance of the ‘981 patent (serial number 14/664,841) was filed on March 21, 2015. All prosecution of that application occurred after and in light of the United States Supreme Court’s decision in *Alice Corp. Pty. Ltd. v. CLS*

*Bank Int'l, 573* U.S. 208 (2014). Indeed, some pending claims were rejected by the patent office under 35 U.S.C. § 101, but that rejection was overcome.

**ANSWER:** Foursquare denies the first sentence of Paragraph 25 of Mimzi's Complaint. Foursquare admits the second and last sentences of Paragraph 25 to the extent they are consistent with the USPTO's official records. Foursquare denies the remaining allegations of Paragraph 25.

26. The '981 patent's prosecution history further confirms the novelty of the claimed inventions. Over 500 patents and applications were considered by the Patent Examiner during prosecution, yet no reference was found to be anticipatory under 35 U.S.C. § 102. Furthermore, the only "prior art" rejection of any pending claim was based on an allegation of obviousness due to a combination of two references, under 35 U.S.C. § 103. That rejection was withdrawn by the Patent Examiner once it was shown that one of the references was dated after the '981 patent's effective filing date and, therefore, was not prior art.

**ANSWER:** Foursquare is without knowledge or information sufficient to form a belief as to the truth of the allegations in Pparaaragraph 26 of Mimzi's Complaint, and therefore denies the same.

## FOURSQUARE'S ACTIVITIES RELEVANT TO THE '981 PATENT

### Systems

27. Upon information and belief, Foursquare manufactures, offers and/or sells products and services including, but not limited to an Application (or "App") for use on mobile devices that use the Apple, Android, Microsoft or other operating systems. When used as intended on these devices, since September 8, 2015 (the issue date of the '981 patent), the Foursquare App infringes at least claim 1 of the '981 patent.

**ANSWER:** Foursquare admits that it developed an App for use on mobile devices. Foursquare denies the remaining allegations of Paragraph 27 of Mimzi's Complaint.

28. For example, systems claimed in the '981 patent include a data input port configured to receive speech information from the user of the mobile device. Upon information and belief, the Foursquare App installed on mobile devices that use the Apple, Android, Microsoft or other operating systems are configured to receive either spoken or nonverbal requests from the user. Foursquare Screen 1 (below) shows the Foursquare App providing users the option of requesting information verbally. Foursquare Screen 2 shows the Foursquare App intaking a spoken request.




Foursquare Screen 1 Foursquare Screen 2

**ANSWER:** Foursquare admits the allegations in the first sentence of Paragraph 28 to the extent the allegations accurately set forth the language of the '981 Patent. Foursquare denies the allegations in the second sentence of Paragraph 28 of Mimzi's Complaint. Foursquare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of Mimzi's Complaint, and therefore denies the same.

29. The systems claimed in the '981 patent (e.g., claim 1) include the ability to identify the user's location. Upon information and belief, the Foursquare App installed on mobile devices that use the Apple, Android, Microsoft or other operating systems are configured to identify a user's location, using Global Positioning System ("GPS") or other technology. As seen in Screens 1 and 2, the Foursquare App defaults to the user's location ("near me").

**ANSWER:** Foursquare admits the allegations in the first sentence of Paragraph 29 to the extent the allegations accurately set forth the language of the '981 Patent. Foursquare denies the allegations in the second sentence of Paragraph 29 of Mimzi's Complaint. Foursquare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of Mimzi's Complaint, and therefore denies the same.

30. The systems claimed in the '981 patent include memory to store a transcript of the user's request and the user's location. Upon information and belief, the Foursquare App installed on mobile devices that use the Apple, Android, Microsoft or other operating systems are configured to store such information in persistent and/or volatile memory, on the mobile device and/or on a remote server.

**ANSWER:** Foursquare admits the allegations in the first sentence of Paragraph 30 to the extent the allegations accurately set forth the language of the '981 Patent. Foursquare denies the remaining allegations contained in Paragraph 30 of Mimzi's Complaint.

31. The systems claimed in the '981 patent include an interface to a social network database to transmit a query based on the user's spoken request and location, and to receive relevant information from that database. Upon information and belief, the Foursquare App installed on mobile devices that use the Apple, Android, Microsoft or other operating systems are configured to interface with the Foursquare social network database and provide relevant

information to the user. As seen below (Foursquare Screen 3), when a spoken request to find Chinese restaurants was made through the Foursquare App on an iPhone outside this Courthouse (844 North King Street, Wilmington, DE 19801), the follow results were displayed:




Foursquare Screen 3

**ANSWER:** Foursquare admits the allegations in the first sentence of Paragraph 31 to the extent the allegations accurately set forth the language of the '981 Patent. Foursquare denies the allegations in the second sentence of Paragraph 31 of Mimzi's Complaint. Foursquare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of Mimzi's Complaint, and therefore denies the same.

32. The systems claimed in the '981 patent include a processor that is configured to rank the relevant social network database information according to at least one ranking factor. As seen below, when spoken requests to find the nearest Chinese restaurant (Foursquare Screen 4)



DMS 14095498

and three-star Chinese restaurants (Foursquare Screen 5) were made through the Foursquare App on an iPhone outside this Courthouse, the following (different) ranked results were displayed:




Foursquare Screen 4




Foursquare Screen 5

**<u>ANSWER:</u>** Foursquare denies the allegations in the first sentence of Paragraph 32. Foursquare is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 32 of Mimzi's Complaint, and therefore denies the same.

<u>Methods for Presenting Location-Dependent Information</u>

33. Upon information and belief, the Foursquare Apps installed on mobile devices that use the Apple, Android, Microsoft or other operating systems are capable of using computer-implemented methods to present location-dependent social network database information to a user in response to a spoken request. Thus, such use of Foursquare's App installed on mobile devices since September 8, 2015 (issue date of the '981 patent) infringes at least claim 10 of the '981 patent.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 33 of Mimzi's Complaint.

34. For example, computer-implemented methods claimed in the '981 patent include receiving speech information from the mobile device. Upon information and belief, and consistent with Foursquare Screens 1-2, Foursquare Apps installed on mobile devices that use the Apple, Android, Microsoft or other operating systems are capable of receiving spoken requests as part of the method used to provide users with location-dependent information from a social network database.

**ANSWER:** Foursquare admits the allegations in the first sentence of Paragraph 34 to the extent the allegations accurately set forth the language of the '981 Patent. Foursquare denies the remaining allegations contained in Paragraph 34 of Mimzi's Complaint.

35. The computer-implemented methods claimed in the '981 patent include identifying the location of the mobile device user. Upon information and belief, Foursquare Apps installed on mobile devices that use the Apple, Android, Microsoft or other operating systems use GPS or similar technology, as part of the method used to provide users with location-dependent information from a social network database.

**ANSWER:** Foursquare admits the allegations in the first sentence of Paragraph 35 to the extent the allegations accurately set forth the language of the '981 Patent. Foursquare denies the remaining allegations contained in Paragraph 35 of Mimzi's Complaint.

36. The computer-implemented methods claimed in the '981 patent include storing the speech information and user's location. Upon information and belief, Foursquare Apps installed on mobile devices that use the Apple, Android, Microsoft or other operating systems

use persistent and/or volatile memory, on the mobile device and/or on a remote server to store speech information as part of the method used to provide users with location-dependent information from a social network database.

**ANSWER:** Foursquare admits the allegations in the first sentence of Paragraph 36 to the extent the allegations accurately set forth the language of the ‘981 Patent. Foursquare denies the remaining allegations contained in Paragraph 36 of Mimzi’s Complaint.

37. The computer-implemented methods claimed in the ‘981 patent include automatically searching and ranking social network database information in accordance with the user’s request and location and communicating those results to the user. Upon information and belief, and consistent with the results shown in Foursquare Screens 3-5, Foursquare Apps installed on mobile devices that use the Apple, Android, Microsoft or other operating systems search and rank information from its social network, as part of the method used to provide users with location-dependent information from a social network database.

**ANSWER:** Foursquare admits the allegations in the first sentence of Paragraph 37 to the extent the allegations accurately set forth the language of the ‘981 Patent. Foursquare denies the remaining allegations contained in Paragraph 37 of Mimzi’s Complaint.

Methods for Mining Information

38. Upon information and belief, Foursquare Apps installed on mobile devices that use the Apple, Android, Microsoft or other operating systems are capable of using a computer-implemented method to mine information from a social network database in response to users’ spoken requests. Thus, such use of the Foursquare App installed on mobile devices since September 8, 2015 (issue date of the ‘981 patent) infringes at least claim 16 of the ‘981 patent.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 38 of Mimzi's Complaint.

39. For example, the computer-implemented methods claimed in the '981 patent include receiving speech information from the mobile device. Upon information and belief, and consistent with Foursquare Screens 1-2, Foursquare Apps installed on mobile devices that use the Apple, Android, Microsoft or other operating systems are capable of receiving a user's spoken request in using a computer-implemented method to mine information from a social network database.

**ANSWER:** Foursquare admits the allegations in the first sentence of Paragraph 39 to the extent the allegations accurately set forth the language of the '981 Patent. Foursquare denies the remaining allegations contained in Paragraph 39 of Mimzi's Complaint.

40. The computer-implemented methods claimed in the '981 patent include identifying the location of the mobile device user. Upon information and belief, Foursquare Apps installed on mobile devices that use the Apple, Android, Microsoft or other operating systems use GPS or similar technology to identify users' locations.

**ANSWER:** Foursquare admits the allegations in the first sentence of Paragraph 40 to the extent the allegations accurately set forth the language of the '981 Patent. Foursquare denies the remaining allegations contained in Paragraph 40 of Mimzi's Complaint.

41. The computer-implemented methods claimed in the '981 patent include automatically using a spoken request and the user's location to generate a query of social network database information and outputting the results to the user. Upon information and belief and consistent with the results shown in Foursquare Screens 3-5, Foursquare Apps installed on

mobile devices that use the Apple, Android, Microsoft or other operating systems automatically use a spoken request and the user's location to search and rank information from a social network database as part of the method used to mine information and output results to users.

**ANSWER:** Foursquare admits the allegations in the first sentence of Paragraph 41 to the extent the allegations accurately set forth the language of the '981 Patent. Foursquare denies the allegations in the second sentence of Paragraph 41 of Mimzi's Complaint. Foursquare is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of Mimzi's Complaint, and therefore denies the same.

## COUNT I

## FOURSQUARE'S DIRECT INFRINGEMENT OF THU '981 PATENT

42. Plaintiff restates and realleges paragraphs 1 through 41 into this Count.

**ANSWER:** Foursquare re-alleges and incorporates by reference its responses to the allegations of Paragraphs 1 through 41 above as if fully set forth herein.

### Foursquare's Infringement of the Claimed Systems

43. Since at least September 8, 2015 (the issue date of the '981 patent) Foursquare has made an App for mobile devices which provides users with systems that meet, either literally or equivalently, every element of at least claim 1 of the '981 patent.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 43 of Mimzi's Complaint.

44. Since at least September 8, 2015 (the issue date of the '981 patent) Foursquare, through its marketing, testing and quality control efforts associated with the Foursquare App for

mobile devices, has used systems that meet, either literally or equivalently, every element of at least claim 1 of the '981 patent.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 44 of Mimzi's Complaint.

45. Foursquare benefits from each step of the claimed system because each element is necessary for Foursquare to provide location-dependent information from a social network database to users of the Foursquare App in response to a spoken request. Further, upon information and belief, Foursquare generates revenue, for example, from sales of advertising and user-location information, through the use of the Foursquare App.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 45 of Mimzi's Complaint.

46. To ensure that the example used in this Complaint regarding restaurants is not construed as a limitation, and merely by way of illustration and not limitation, the spoken requests captured by this Count also include location-dependent information concerning other types of entertainment (*e.g.*, theaters), business establishments (*e.g.*, gas stations), services, medical providers and contractors.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 46 of Mimzi's Complaint.

47. All of the above constitute acts of direct infringement by Foursquare of at least claim 1 of the '981 patent.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 47 of Mimzi's Complaint.

Foursquare's Infringement of the Claimed Methods

48. Since at least September 8, 2015 (the issue date of the '981 patent) each time a user of the Foursquare App on a mobile device made a spoken request for location-dependent information from a social network database, Foursquare used methods that meet, either literally or equivalently, every element of at least claims 10 and 16 of the '981 patent.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 48 of Mimzi's Complaint.

49. Foursquare benefits from each step of the claimed methods because each element is necessary for Foursquare to provide location-dependent information from a social network database to users of the Foursquare App in response to a spoken request. Further, upon information and belief, Foursquare generates revenue, for example, from sales of advertising and user-location information, through the use of the Foursquare App.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 49 of Mimzi's Complaint.

50. To ensure that the example used in this Complaint regarding restaurants is not construed as a limitation, and merely by way of illustration and not limitation, the spoken requests captured by this Count also include location-dependent information concerning other types of entertainment (e.g., theaters), business establishments (*e.g.*, gas stations), services, medical providers and contractors.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 50 of Mimzi's Complaint.

51. All of the above constitute acts of direct infringement by Foursquare of at least claims 10 and 16 of the '981 patent.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 51 of Mimzi's Complaint.

## COUNT II

## FOURSQUARE'S POST-COMPLAINT INDUCEMENT OF INFRINGEMENT OF THE 981 PATENT

52. Plaintiff restates and realleges paragraphs 1 through 51 into this Count.

**ANSWER:** Foursquare re-alleges and incorporates by reference its responses to the allegations of Paragraphs 1 through 51 above as if fully set forth herein.

### Users of the Foursquare App Directly Infringe the '981 Patent

53. Since at least September 8, 2015 (the issue date of the '981 patent) each mobile device user who made a spoken request, through the Foursquare App, for location-dependent information from a social network database, used systems that meet, either literally or equivalently, every element of at least claim 1 of the '981 patent.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 53 of Mimzi's Complaint.

54. Users of the Foursquare App benefit from every element of the claimed system because each is necessary to provide the user with the information requested.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 54 of Mimzi's Complaint.

55. Since at least September 8, 2015 (the issue date of the '981 patent) each mobile device user who made a spoken request, through the Foursquare App, for location-dependent information from a social network database used methods that meet, either literally or equivalently, every element of at least claims 10 and 16 of the '981 patent.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 55 of Mimzi's Complaint.

56. To ensure that the example used in this Complaint regarding restaurants is not construed as a limitation, and merely by way of illustration and not limitation, the spoken requests captured by this Count also include location-dependent information concerning other types of entertainment (*e.g*, theaters), business establishments (e.g., gas stations), services, medical providers and contractors.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 56 of Mimzi's Complaint.

57. All of the above constitute acts of direct infringement of the '981 patent by users of the Foursquare App.

**ANSWER:** Paragraph 57 of Minzi's Complaint calls for a legal conclusion to which no answer is required. To the extent Paragraph 57 requires an answer, Foursquare denies the allegations contained in Paragraph 57 of Mimzi's Complaint.

Foursquare's Post-Complaint Inducement of User's Direct Infringement

58. Upon information and belief, the Foursquare App provides users of mobile devices with systems, instructions, encouragement and the capability to directly infringe the '981 patent.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 58 of Mimzi's Complaint.

59. Upon information and belief, at least as of the date of service of this Complaint, Foursquare is aware that the users of the Foursquare App on mobile devices infringe the '981 patent.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 59 of Mimzi's Complaint.

60. To the extent that Foursquare does not cease these infringing activities immediately, it is encouraging users of the Foursquare App on mobile devices to continue to infringe the '981 patent.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 60 of Mimzi's Complaint.

61. Upon information and belief, Foursquare will benefit from these ongoing infringements because Foursquare will continue to generate revenue from the use of the Foursquare App.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 61 of Mimzi's Complaint.

62. As of the date of service of this Complaint, these acts constitute Foursquare's active inducement of its users' direct infringement of at least claims 1, 10 and 16 of the '981 patent.

**ANSWER:** Foursquare denies the allegations contained in Paragraph 62 of Mimzi's Complaint.

## PRAYER FOR RELIEF

Foursquare denies that Mimzi is entitled to any of its requested prayers for relief. Answering further, Foursquare prays for judgment in its favor and against Mimzi, that Mimzi take nothing by way of its Complaint, that the Court enter judgment dismissing Mimzi's Complaint against Foursquare with prejudice, awarding Foursquare its costs and attorney's fees, and awarding Foursquare all other relief the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Foursquare alleges and asserts the following defenses in response to the allegations set forth in Mimzi's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses and affirmative defenses described below, and subject to its responses above, Foursquare specifically reserves the right to allege additional affirmative defenses that become known through the course of discovery and ongoing litigation.

1. The '981 Patent is invalid for failure to identify patentable subject matter in violation of 35 U.S.C. §101.

2. The '981 Patent is invalid as being anticipated under 35 U.S.C. §102.

3. The '981 Patent is invalid as being obvious under 35 U.S.C. §103.

4. The '981 Patent is invalid for failing to satisfy the written description, definiteness, enablement, and other requirements of 35 U.S.C. §112.

5. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the infringement of the claims of the '981 Patent.

6. Mimzi cannot satisfy the requirements applicable to its request for injunctive relief and has an adequate remedy at law.

7. Foursquare has not infringed, and does not infringe, directly (either literally or under the Doctrine of Equivalents), contributorily, or by way of inducement, any valid and enforceable claim of the ‘981 Patent.

8. The claims asserted against Foursquare in Mimzi’s Complaint are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel, including prosecution laches, equitable estoppel, prosecution history estoppel, and/or collateral estoppel.

## COUNTERCLAIM

Foursquare, for its Counterclaim against Mimzi, states as follows:

## THE PARTIES

1. Foursquare is a Corporation organized and existing under the laws of Delaware, with a place of business at 50 West 23rd Street, 8th Floor, New York, New York, 10010.

2. On information and belief, Plaintiff Mimzi, LLC is a limited liability company formed under the laws of the State of Alabama with a place of business at 1592 South Point Drive, Hoover, Alabama 35244.

## JURISDICTION AND VENUE

3. Foursquare alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2201, and venue for these Counterclaims is proper in this District.

4. This Court has personal jurisdiction over Mimzi.

## FACTUAL BACKGROUND

5. In its Complaint, Mimzi asserts that Foursquare has infringed the ‘981 Patent.

6. The asserted claims of the ‘981 Patent are invalid.

7. Further, Foursquare does not infringe, either directly (either literally or under the Doctrine of Equivalents), contributorily, or by way of inducement, any valid and enforceable claim of the ‘981 Patent.

8. The ’981 Patent is invalid for failing to identify patentable subject matter.

9. There is an actual case or controversy between the parties over the invalidity, patentability, and non-infringement of the ‘981 Patent.

**COUNT I**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**
**OF U.S. PATENT NO. 9,128,981**

10. Foursquare re-alleges and incorporates by reference the allegations of paragraphs 1 through 9 of these Counterclaims as if fully set forth herein.

11. Foursquare has not infringed, and does not infringe, directly (either literally or pursuant to the Doctrine of Equivalents), contributorily, or by way of inducement, any valid and enforceable claim of the ‘981 Patent.

12. An actual case or controversy exits between Foursquare and Mimzi as to whether Foursquare infringes the ‘981 Patent.

13. A judicial declaration is necessary and appropriate so that Foursquare may ascertain its rights regarding the ‘981 Patent.

14. Mimzi’s claims asserted in the Complaint and its conduct renders this an exceptional case under 35 U.S.C. § 285.

**COUNT II**
**DECLARATORY JUDGMENT OF INVALIDITY**
**OF U.S. PATENT NO. 9,128,981**

15. Foursquare re-alleges and incorporates by reference the allegations of paragraphs 1 through 9 of these Counterclaims as if fully set forth herein.

16. Upon information and belief, the claims of the '981 Patent are invalid under one or more of 35 U.S.C. §§ 100 *et seq*., including without limitation 101, 102, 103, and 112.

17. An actual case or controversy exits between Foursquare and Mimzi as to whether the '981 Patent is invalid.

18. A judicial declaration is necessary and appropriate so that Foursquare may ascertain its rights regarding the '981 Patent.

19. Mimzi's claims asserted in the Complaint and its conduct renders this an exceptional case under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Foursquare prays for judgment as follows:

A. A judgment dismissing Mimzi's Complaint against Foursquare with prejudice;

B. A judgment in favor of Foursquare on its Counterclaims;

C. A declaration that Foursquare has not infringed, and does not infringe, any valid and enforceable claim of the '981 Patent;

D. A declaration that the asserted claims of the '981 Patent are invalid;

E. A finding that Mimzi's claims and conduct renders this an exceptional case under 35 U.S.C. § 285;

F. An award granting Foursquare its reasonable attorneys' fees and costs;

G. Awarding such other and further relief as this Court may deem just and proper.

Dated: March 1, 2019

Respectfully submitted,

By: *<u>/s/ Chad S.C. Stover</u>*

Chad S.C. Stover (No. 4919)
BARNES & THORNBURG LLP
1000 N West St #1500
Wilmington, DE 19801
Telephone: 302-300-3434
Facsimile: 302-888-0246
Email: chad.stover@btlaw.com

Michael A. Carrillo (admitted *pro hac vice*)
Jonathan P. Froemel (admitted *pro hac vice*)
BARNES & THORNBURG LLP
One N. Wacker Dr., Suite 4400
Chicago, IL 60606
Telephone: 312-357-1313
Facsimile: 312-759-5646
Email: mcarrillo@btlaw.com
jfroemel@btlaw.com

Jeffrey C. Morgan (admitted *pro hac vice*)
BARNES & THORNBURG LLP
Prominence in Buckhead
3475 Piedmont Road, N.E. – Suite 1700
Atlanta, GA 30305
Telephone: 404-264-4015
Facsimile: 404-264-4033
Email: jeff.morgan@btlaw.com

*Attorneys for Foursquare Labs, Inc.*