# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PEBBLE TIDE LLC, | |
|     Plaintiff, | |
|     v. | C.A. No. 19-769-LPS |
| ARLO TECHNOLOGIES, INC, | |
|     Defendant. | |
| PEBBLE TIDE LLC, | |
|     Plaintiff, | |
|     v. | C.A. No. 19-1177-LPS |
| UNIDEN AMERICA CORPORATION, | |
|     Defendant. | |
| PEBBLE TIDE LLC, | |
|     Plaintiff, | |
|     v. | C.A. No. 19-1397-LPS |
| PETCUBE, INC, | |
|     Defendant. | |
| MIMZI, LLC., | |
|     Plaintiff, | |
|     v. | C.A. No. 18-1767-LPS |
| FOURSQUARE LABS, INC. | |
|     Defendant. | |

| | | |
|---|---|---|
| MIMZI, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 18-1768-LPS |
| TRIPADVISOR INC. ET AL, | : | |
| Defendants. | : | |
| MIMZI, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 19-272-LPS |
| ACER INC., | : | |
| Defendant. | : | |
| MIMZI, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 19-273-LPS |
| ASUSTEK COMPUTER INC., | : | |
| Defendants. | : | |
| MIMZI, LLC, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 19-274-LPS |
| HTC CORP., | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this **31st** day of **January, 2020**:

WHEREAS, defendants in the above-listed cases filed Rule 12 motions to dispose of patent infringement claims on the bases that certain patent claims are invalid under 35 U.S.C. § 101, because they are allegedly directed to unpatentable subject matter;

WHEREAS, the above-listed cases brought by Pebble Tide LLC ("Pebble Tide" or "Pebble") are unrelated to the above-listed cases brought by Mimzi, LLC ("Mimzi");

WHEREAS, the Court heard oral argument in all the above-listed cases on January 10, 2020 and has considered the parties' respective briefs and related filings;[1]

WHEREAS, the Court continues to find that its experimental procedure of addressing multiple Section 101 motions from separate cases in one hearing is an efficient use of judicial resources and a beneficial tool for resolving the merits of Section 101 motions;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that, with respect to the above-listed Pebble Tide cases, Defendants' Rule 12 motions (C.A. No. 19-769 D.I. 16; C.A. No. 19-1177 D.I. 12; C.A. No. 19-1397 D.I. 8, 18) are **GRANTED**, and

**IT IS FURTHER ORDERED** that, with respect to the above-listed Mimzi cases, Defendants' Rule 12 motions (C.A. No. 18-1767 D.I. 24; C.A. No. 18-1768 D.I. 20; C.A. No. 19-272 D.I. 12; C.A. No. 19-273 D.I. 11; C.A. No. 19-274 D.I. 11) are **DENIED**.

The Court's Order is consistent with the following bench ruling announced at that the conclusion of the January 10 hearing (*see* Tr. at 96-118):

> The first [] cases that were argued all involve Pebble, three
> related cases . . . [t]hey all seek to dismiss the amended complaint
> on the same grounds, the lack of patent eligibility under Section
> 101. Two patents are asserted . . . [t]he first one is patent No.

---

[1] Chief Judge Leonard P. Stark and Magistrate Judge Jennifer L. Hall jointly presided throughout the argument. The Court adopts the full bench ruling and includes here only a portion of it.

1

10,261,739, and the second is 10,303,411. Everybody now agrees at this point that the '739 patent, claim 1, is representative, and therefore my ruling applies to all asserted claims of both patents.

... [M]y decision is to grant the defendants' motion, and let me try to explain why.

First, as to Step One of *Alice*[2] ... I find that the representative claim is not directed to a specific improvement in computer functionality or to a specific implementation of a solution to a technological problem. Rather, it is directed to the abstract idea of wirelessly outputting data from one device to another. This is an abstract idea. We know that from cases that have already been decided by the Federal Circuit. For instance, in *Cellspin*,[3] the Federal Circuit said, we have consistently held that similar claims reciting the collection, transfer and publishing of data are directed to an abstract idea.

In *ChargePoint*,[4] the Federal Circuit found [to be] abstract claims directed to transmitting data from one device to another. This conclusion at Step One is supported by the fact that the representative claim lacks limiting technical details. Neither of the claims, nor for that matter the specification, explain[s] how the claimed invention's components perform their recited functions. Rather, they describe those components in purely functional terms.

... I find that the defendants have done what they need to [do] at Step Two as well. At Step Two, the plaintiff has at times said that the inventive concept is the pervasive output process which may be a result of the interplay of the job object process and the device object process. . . . [Plaintiff has] also referred to the information apparatus as possibly being an inventive concept. I find it is clear even on Rule 12 . . . that none of these purported inventive concepts alone or in combination are an inventive concept that [saves] the patentability at Step Two.

Let me give some examples of what one finds in the specification of the '739 patent that supports my conclusion . . . For example, including with respect to the component of

---

[2] *Alice Corp. Pty. Ltd v. CLS Bank Int'l*, 573 U.S. 208 (2014); *see also Mayo Collaborative Serv. v. Prometheus Labs., Inc.*, 566 U.S. 66 (2012).

[3] *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306 (Fed. Cir. 2019).

[4] *ChargePoint v. Sema Connect*, 920 F.3d 759 (Fed. Cir. 2019).

2

establishing a wireless connection between an information apparatus and a server, one sees in the specification that "information apparatuses refer generally to computing devices." That's at column 1, lines 28 to 41. The specification also says that "output devices and information apparatuses could already in the prior art be connected through a wireless connection." That is at column 2, lines 26 to 30 of the specification . . .

Now, the more challenging question on this motion in the Pebble cases was that plaintiffs are also asserting that the ordered combination of the conventional computer components and processes are somehow an inventive concept. That is, plaintiff[] argue[s] that the combination of elements in the representative claim cannot today at least be found to be conventional, well understood and routine. I disagree.

Plaintiff[] analogize[s] [its] combination to *Cellspin*'s two device, two-step structure requiring a connection before data transfer, which . . . the Federal Circuit found that that invention survived the Step Two analysis. [B]ut the Court agrees instead here with defendants, that the claims use merely functional language and that nothing in the claims or the specification details how this purported combination achieved the touted results of solving the problem of widespread incompatibility between wireless devices and corresponding output devices . . . .

Plaintiff[] . . . attempt[s] to analogize this case to *BASCOM*,[5] but that comparison is not ultimately a favorable one for the plaintiff . . . . In *BASCOM*, for instance, the Federal Circuit found that the ordered combination of plaintiff's claim limitations revealed an inventive concept after plaintiff's oral argument demonstrated that the specific method described by the asserted patents cannot be said as a matter of law to have been conventional or generic. The Federal Circuit was persuaded by plaintiff that the claims at issue in *BASCOM* recite a specific, discrete implementation of the abstract idea and that the patent describes how its particular arrangement of elements is a technical improvement over the prior art . . . .

Here, by contrast, Pebble has not shown that the asserted patent recites a specific method or a specific discrete implementation of the abstract idea that is unconventional. When I asked Pebble Tide's counsel to identify where the asserted patents

---

[5] *BASCOM Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016).

3

or complaints concretely describe a specific method that was unconventional, he was unable to do so. . . . In my view, this case is closer to the *Two-Way Media* decision[6] of the Federal Circuit in 2017 where that Court held or found that a particular ordered combination of asserted limitations did not reveal an inventive concept because unlike in *BASCOM*, there, the claim used a conventional ordering of steps with conventional technology to achieve its desired results.

As a final note, I have considered plaintiff's recently proposed claim constructions and agree with defendants that even assuming that those are the correct constructions of those disputed claim terms, the representative claim is still not patent eligible.

So for all those reasons in the Pebble Tide cases, the motions are granted.

Let me turn then to the Mimzi cases which were argued second.

There are five related Mimzi cases. Three defendants, Acer, HTC and ASUSTeK, moved under 12(b)(6). Two other defendants, Foursquare and TripAdvisor, move under Rule 12(c). There is one asserted patent, the [] 9,128,981 patent. At this point, the parties agree that there [are] three representative claims: claims 1, 8, and 9. I will focus as the parties have today on claim 1 . . .

These motions are denied. . . .

It's not because of Step One. I find that the defendants have met their burden at Step One.

At Step One, defendants have met their burden to demonstrate that the claim, the representative claim, that is, I'm thinking really mostly of claim 1 but the analysis is the same for claims 8 and 9. Defendants have met their burden to demonstrate that the claim is directed to the abstract idea of providing and ranking location related information in response to a spoken request.

This is an abstract idea. It's analogous to a hotel concierge recommending a local restaurant. It is analogous to what the

---

[6] *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329 (Fed. Cir. 2017).

4

Federal Circuit found to be an abstract idea in the *Electric Power Group* case,[7] collecting and analyzing information and displaying it. It's analogous to what I found to be an abstract idea in the *SSMP* decision.[8]

Further, this articulation of the abstract idea I find is fair to the claims . . .

I find [that] the claim does not recite a specific improvement to computer technology. Instead, the claim merely recites high level functional results . . . The claim does not in my view recite how to make the computer processor more efficient, how to make speech recognition more accurate or how to enable databases to have more storage capacity or improved search capabilities. Nor does the claim describe how these technologies are implemented . . . .

Turning to Step Two. If, as I must, I take the well pled factual allegations as true, I find that there is a fact dispute as to whether the representative claim['s] ordered combination of elements is wholly conventional, routine and well understood. That is, there is a fact dispute as to whether the ordered combination of claim limitations [–] using location metadata and transcripts from a user's spoken request and automatically mining and retrieving social network information based on ranking factors to improve IP searching [–] . . . was conventional, well understood and routine.

Mind you, I do not agree with the plaintiff to the extent it is also arguing that any of those individual claim elements, including the memory component, is anything other than conventional, routine, and well understood. Instead, on that point, the specification repeatedly emphasizes how each of the components used to practice the claims was available, sometimes widely available[,] in the prior art . . . .

I must credit plaintiff's non-conclusory factual allegations in the complaint which are plausible and are not contradicted by anything in the specification. Among those factual allegations that I feel I must credit are those set out in paragraphs 18 and 19 of the

---

[7] *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350 (Fed. Cir. 2016).

[8] *Search and Social Media Partners, LLC v. Facebook, Inc.*, 346 F. Supp. 3d 626 (D. Del. 2018).

5

complaint which allege, among other things, that the claims are directed to a new and useful configuration of components and describe an improvement in computer capabilities by specifying a complex series of steps performed by or through a mobile device to produce a desired result.

The complaint also goes outside the specification and identifies extrinsic evidence from a third party, specifically Google.

The allegations in paragraphs 21 [and] 22 regarding Google's then Vice President of Search Products, two months after the '981 patent's priority date plausibly describe purported deficiencies and then current search technologies, deficiencies [in] which the plaintiff plausibly at this early stage of the case alleges are solved by the '981 patent. As in *Cellspin* and *Aatrix*,[9] where the Federal Circuit explained that plausible and specific factual allegations relating to inventiveness can be sufficient to survive a motion to dismiss, I find that is what the situation is here.

It's further worth noting, as the Federal Circuit did recently in *Cellspin*, as long as what makes the claims inventive is recited by the claims, the specification need not expressly list all the reasons why this claimed structure is unconventional . . . . So any purported failure of the specification here to affirmatively disclose how unconventional the ordered combination is, is not fatal to the plaintiff's claims.

Here, in my view, claim 1 requires a particular memory structure which stores a transcript of a user's spoken request and the metadata associated with the spoken request, including the user's location information. This data is then fed to a social network database that then takes the request, mines the user social network database based on a set of social network factors to provide the user with improved search results on a mobile device.

So as in *BASCOM*, the limitations of the claim of the '981 patent, taken together as the ordered combination, may ultimately be found to recite a specific discrete implementation of the abstract idea of providing tailored search results based on a user's location and ranked social network feedback such as popularity or credibility . . .

---

[9] *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018).

Given my analysis, it is not necessary to consider plaintiff's proposed claim construction or how it proposes to amend its complaint.

Also, claims 8 and 9 are more specific than claim 1, so my reasoning in denying the motion with respect to claim 1 also means necessarily that I am denying the motion with respect to claims 8 and 9 and all other claims since it is now agreed that claims 1, 8, and 9 are representative of all claims at issue in the motions.

<span style="text-align:right;display:block;">
_____<br>
HONORABLE LEONARD P. STARK<br>
UNITED STATES DISTRICT JUDGE
</span>